## J. H. CLARK v. R. M. HOPKINS.

1. Under our statute, when suit is brought in the name of one person for the use of another, the person in whose name the suit is brought is a mere nominal party, and the usee is the real party.

2. On the death of the nominal party the suit will not abate, nor need it be revived in the name of his representatives, but it will proceed in the name of the usee. In the district court, however, the statute makes it necessary that the death of the nominal party be suggested on the record.

3. A defendant, against whom judgment by default had been rendered by a justice of the peace, sued out a *certiorari*, showing in his petition that no case against him was made out in the justice's court, and that he had a good defense to the action as proved against him by the plaintiff, and fortifying his petition by an affidavit of the justice of the peace that the judgment was rendered under a mistake of the facts, and was erroneous. *Held*, that notwithstanding no excuse for suffering the default was alleged, the petition was sufficient, and it was error to quash the *certiorari* on the ground that the petition failed to show diligence. (Ward v. McRimmond, 12 Texas, 319, cited by the court.)

APPEAL from Red River. Tried below before the Hon. Winston Banks.

The petition for the *certiorari*, instead of entitling the case in the name of the nominal plaintiff, mentioned it as the suit of Clark, the usee, against the petitioner. Exhibits with the petition, however, fully identified the suit mentioned with that set out in the transcript from the justice's court.

The only cause of action disclosed in the justice's transcript was a record of a justice's judgment rendered in a previous cause between altogether different parties, and importing no liability on the part of Hopkins.

The exceptions on which the *certiorari* was quashed by the district court are set forth in the opinion.

*Wright & Sims*, for the appellant.

*J. N. Clark*, for the appellee.

OGDEN, J.—This suit was instituted in a justice's court in Red River county, in the name of E. West for the use of James H. Clark, and against R. M. Hopkins, the appellant. A judgment was rendered against the defendant for the sum of $88, who sued out a writ of *certiorari* from the district court, to correct what was claimed to be an erroneous judgment. At a subsequent term of the district court, on motion of the plaintiff the writ of *certiorari* was quashed and the cause dismissed. And from that judgment the defendant below has appealed, and now assigns as error the ruling of the court below.

The reasons for the rulings of the court in quashing the writ and dismissing the cause are not specifically disclosed, but the motion to dismiss is based upon two grounds. The first is, that the petition for the *certiorari* does not properly describe the title to the suit it seeks to correct. There is some obscurity in the record in this respect, but it clearly appears that the suit was

originally commenced in the name of E. West for the use of James H. Clark, against R. M. Hopkins. West died, whether before or after judgment in the justice's court is not made absolutely certain by the record, but in the district court his death was suggested, and the cause proceeded to judgment in the name of Clark. Under our statute, where suit is brought in the nam of one person for the use of another, the party in whose name the suit is brought is a mere nominal party, and the person for whose use the suit is brought is the real party; and on the death of the nominal party the suit shall not abate, nor is it necessary to revive the suit in the name of the representatives of the deceased, but in the district court, upon the mere suggestion of the death of the nominal party, the suit shall proceed in the name of the real party. In the case of McFadden v. McGreal, 25 Texas, 79, this court held, that the nominal party is not to be deemed, for the purposes of litigation, a party to the suit; and in the case of Heard v. Locket, 20 Texas, 163, it is strongly intimated that the real party might at any time throw off his fictitious shelter and demand his rights in his own name.

In the district court the statute makes it necessary, on the death of the nominal party, that his death should be suggested on the record. But in the justice's court, where the records are, as in this case, exceedingly imperfect, and often quite uncertain, it may well be doubted whether that mere formality should in all cases be strictly adhered to, and more especially when the cause is attempted to be brought into the district court for correction. Clark was the real party to the record and judgment, and the justice swears to the identity of the parties and the suit; and we are of the opinion, the description of the suit, as set out in the petition, is not so variant with the suit before the justice's court, as would authorize a dismissal of the same.

The only remaining question raised by the motion to quash, that need now be noticed, is, that the record fails to show that de-

Statement of the case.

fendant used that diligence, in pursuing his remedy in the justice's court, which the law requires. In the case of Ward v. McRimmond, 12 Texas, 319, the court held, that if the petition shows that a defendant had a good defense in the justice's court, and that an illegal or inequitable judgment has been rendered against him, it is not necessary that the petition should show any diligence in prosecuting his defense in the justice's court, or that he filed a motion for a new trial. In the case at bar we think the petition shows most clearly that there was no case made out in the justice's court, and that the defendant had a good defense to the action as proven by the plaintiff; and to the petition is attached the affidavit of the justice before whom the cause was tried, showing that the judgment was rendered upon a misapprehension of the facts, and that the same is erroneous. We are therefore of the opinion that the *certiorari* was properly awarded, and that the district court erred in quashing the same and dismissing the suit.

The judgment is reversed and the cause remanded.

Reversed and remanded.