**RESPONSIVE TERMINAL SYSTEMS, INC., Petitioner,**

v.

**BOY SCOUTS OF AMERICA, Respondent.**

No. C–7194.

Supreme Court of Texas.

July 5, 1989.

Rehearing Denied Sept. 13, 1989.

John M. Weaver, Dallas, for petitioner.

John H. Martin, Madeleine B. Johnson, Dallas, for respondent.

PER CURIAM.

This case arises out of a contract dispute over computer services. In a bench trial, the district court rendered judgment that Responsive Terminal Systems, Inc. recover $81,150.00 from the Boy Scouts of America under the theory of promissory estoppel. The court of appeals, in an unpublished opinion, reversed the judgment of the trial court and rendered judgment in favor of the Boy Scouts because the court of appeals found no evidence to support the judgment in favor of Responsive Terminal Systems. In addition, the court of appeals affirmed the trial court's judgment for the Boy Scouts on its counterclaim for $16,576.00 because the court of appeals held that it lacked jurisdiction over Responsive Terminal Systems' cross-points attacking the counterclaim. We disagree and, therefore, reverse the judgment of the court of appeals and remand the cause to the court of appeals for it to rule on the Boy Scouts' remaining points of error and Responsive Terminal Systems' cross-points.

The Boy Scouts of America (BSA) is a congressionally chartered corporation that provides national policy and support to over four hundred local Scout councils in the United States. *See* 36 U.S.C. §§ 21–29 (1982). Although local councils are chartered by the BSA, each council is separately incorporated under the laws of the state where it is located. Responsive Terminal Systems, Inc. (RTS) is a computer software and hardware distributor that assisted the BSA in developing a computerized communication system between the Boy Scouts' national office in Irving, Texas, and its local councils.

On November 15, 1982, the BSA and RTS signed an agreement of understanding which stated that RTS would prepare and provide computer software to the BSA at no cost. The agreement also stipulated the rates RTS would charge to local councils for sale and installation of computer hardware. RTS claims that the BSA promised to recommend RTS to the local councils as the BSA's vendor of choice. When the BSA notified RTS in August 1984 that the BSA was recommending another computer firm as its vender of choice, RTS successfully sued based on promissory estoppel. The BSA also recovered damages on its counterclaim for overcharges by RTS to the BSA and some of its local councils.

■ Because of our opinion issued today in *Donwerth v. Preston II Chrysler–Dodge, Inc.,* we hold that the court of appeals erred in dismissing RTS's cross-points for want of jurisdiction. An appellee may complain by cross-points in its brief in the court of appeals, without perfecting an independent appeal, of any error in the trial court between the appellant and the appellee unless the appellant limits its appeal pursuant to rule 40(a)(4) of the Texas Rules of Appellate Procedure. *Don-*

*werth,* 775 S.W.2d 634 (Tex.1989). The BSA filed no limitation of appeal, and the court of appeals, therefore, had jurisdiction over RTS's cross-points.[1]

■ The court of appeals also erred in holding there was no evidence to support RTS's recovery based on promissory estoppel. Although the court stated the correct test for reviewing no evidence points, it ignored the test in reviewing the evidence. Our opinions on this matter are numerous and clear; in deciding a no evidence point, an appellate court must consider only the evidence and inferences tending to support the finding of the trier of fact and disregard all evidence and inferences to the contrary. *Sherman v. First Nat. Bank,* 760 S.W.2d 240, 242 (Tex.1988); *Garcia v. Insurance Co. of Pa.,* 751 S.W.2d 857, 858 (Tex.1988); *Alm v. Aluminum Co. of Am.,* 717 S.W.2d 588, 593 (Tex.1986); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965) *see also* O'Connor, *Appealing Jury Findings,* 12 Hous.L.Rev. 65, 80–81 (1974).

■ In deciding there was no evidence to support a recovery based on promissory estoppel, the court of appeals seized on the testimony of Bill Fangio, RTS's project manager for the BSA account. Mr. Fangio testified that he became concerned in April 1984 that problems might exist in the relationship between the BSA and RTS. The court of appeals found that this testimony defeated the claim for promissory estoppel because it showed that RTS knew of the BSA's decision to possibly choose another company as the BSA's vendor of choice, and thus, RTS could not have detrimentally relied on the BSA's alleged promise. Fangio's testimony, however, is contrary to the finding of the trial court and must be disregarded.

If there is more than a scintilla of evidence to support the trial court's finding, the court of appeals may not overturn the finding on a no evidence point of error. *Sherman,* 760 S.W.2d at 242. We have reviewed the record and there is some evidence to support the finding that RTS de-

trimentally relied on the BSA's alleged promise to name RTS as its vendor of choice. The record contains testimony by Bill Fangio, RTS's project manager, and Paul Smith, the BSA's associate director of its council management systems division (CMS). This testimony indicates that Smith and Allen Mossman, the director of CMS, expected RTS to maintain an inventory of computer hardware sufficient to meet the BSA's requirement that RTS would fill orders from local councils within thirty days. RTS contends it was unable to return this inventory without suffering a loss.

Because the opinion of the court of appeals is in conflict with rule 40(a)(4) and our opinions in *Donwerth* and *Garza,* we grant Responsive Terminal Systems' application for writ of error pursuant to rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to the court of appeals for it to rule on the Boy Scouts' remaining points of error and Responsive Terminal Systems' cross-points.

---

1. We note that if the court of appeals were correct that it had no jurisdiction over RTS's cross-points, the court would, thus, have had no power to affirm that portion of the trial court's judgment.