**Felix S. GARZA & Alfred Gutierrez, Jr., Appellants,**

v.

**The SOUTHLAND CORPORATION, Appellee.**

**No. A14–90–00874–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 2, 1992.

**216**

Jack N. Price, Austin, for appellant.

William H. Ford, Wallace B. Jefferson, San Antonio, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a judgment in favor of Southland Corporation. Appellants brought suit against Southland to recover for breach of a contract to purchase real property, and the jury found in favor of Southland. We affirm.

Alfred Gutierrez, Jr. owned a tire store in Bryan, Texas. In connection with the business, appellants purchased the property on which the store was located. Gutierrez' father-in-law held the mortgage on the property, but he gave Gutierrez authority to sell the property.

In 1984, a representative for Southland informed appellants of its interest in buying the property, and a purchase contract and addendum were signed by appellee. The sale was subject to certain covenants and conditions precedent, the non-satisfaction or non-waiver of which would entitle purchaser to terminate the contract.

The pertinent conditions provided as follows:

(e) There being no easement or restriction which would adversely affect BUY-ER'S intended construction or use of the PROPERTY.

(h) The approval of the appropriate authorities of the location of the IMPROVEMENTS, as shown on Exhibit B, having been obtained, and a building permit having been issued for the construction of the IMPROVEMENTS, said approval and permit to be applied for and obtained by and at the expense of BUYER.

(i) The SURVEY reflecting conditions which will permit BUYER to construct the IMPROVEMENTS in a manner and at a cost acceptable to BUYER. If the SURVEY shows any variation from the description set forth on Exhibit B, then BUYER shall have the option (1) to terminate this contract without further liability, or (2) to accept the description as disclosed by the SURVEY.

(j) test borings, percolation and other soil tests showing underground conditions satisfactory to BUYER being obtained by and at the expense of BUYER.

The expense of obtaining the building permit and of conducting soil tests were expressly on the purchaser. The contract provided elsewhere that Seller pay for a topographic survey for extended coverage title insurance and a report describing property and certifying encroachments.

Nevertheless, appellee obtained a survey at its expense. The survey revealed a floodplain easement. Pursuant to request by appellants, Southland informed Citizens Bank of the purchase agreement and that the City of Bryan required Southland to obtain city approval of a "lot split" to utilize the property. After obtaining the City's approval, Southland would be ready to close the purchase. The result of a "lot split" would put Southland's proposed building in a 100–year floodplain. Appellants informed appellee that it would have to take care of that problem itself. Appellee's representative did not respond.

As the City prohibited building the intended structure (a 7–Eleven food store and gas station) in the floodplain, Southland was required to relocate the proposed site. In a desire to obtain full use of the

property, appellee requested a study which revealed that an existing creek on the property could be modified. Such a modification, however, required approval by the Federal Emergency Management Agency (FEMA). Appellants knew of the FEMA requirements prior to signing the contract. FEMA subsequently gave its approval.

The City of Bryan then informed the parties of two requirements before it would file a replat of the property. First, Mr. Garrett, the owner of Garrett Engineering who had been retained by Southland, would have to file a corrected site plan and plat with the City. Second, Mr. Gutierrez would have to submit a letter of credit for $22,000.00 with the City. Garrett filed a corrected site plan but Gutierrez did not submit a letter of credit. Gutierrez was reminded twice of his responsibility but he did not act.

Pursuant to tests conducted on the soil, Southland was informed that the levels of hydrocarbon exceeded EPA standards. The cost to remedy this problem would be about $6,500.00. Additionally, in order to develop a foundation for the store on top of fill material needed for the property modification, the cost would have been prohibitive.

Finally, appellee proposed a contract amendment for the sale of the entire tract, on condition that Chief Auto Parts also move onto the property. Chief Auto Parts refused to move onto that location so Southland declined to enter into the amendment.

■ In appellants' first point of error, they complain that the trial court erred in entering judgment on the jury findings because the conditions precedent to Southland's obligation were either met or waived or were within Southland's control and it chose not to perform the conditions precedent.

The record shows that there were encumbrances adversely affecting Southland's intended use, namely the floodplain. Additionally, Southland could not obtain city approval of a replat on the property because appellants would not submit the required letter of credit. The results of the soil tests conducted on the proposed site also revealed that the underground conditions were not satisfactory as remedial work would be necessary to comply with EPA standards. We find that the conditions precedent had not been met, and that Southland had not waived the performance of these conditions. We also find that the conditions precedent were not within the control of appellee and that it did not cause the non-performance of the conditions. The first point of error is overruled.

In their second point of error, appellants contend that there was no evidence to support the jury's finding on question number one. Question number one defined "condition precedent" and asked "[d]o you find from a preponderance of the evidence that the Southland Corporation failed to perform its obligation(s) under the Purchase contract signed by Southland on November 9, 1984?" The jury was then instructed as to the four conditions, stated above, as to easements, approval, survey, and soil tests. The jury responded negatively.

■ In reviewing a "no evidence" point of error, we must look only to the evidence and inferences favorable to the jury finding, disregarding all evidence to the contrary. *See Best v. Ryan Auto Group,* 786 S.W.2d 670, 671 (Tex.1990). If there is some evidence, more than a mere scintilla, then the challenge fails. *See Responsive Terminal Sys. v. Boy Scouts of America,* 774 S.W.2d 666, 668 (Tex.1989).

The evidence stated in the first point of error revealed that of the four pertinent conditions precedent, none of them were satisfied or waived by Southland. Indeed, Southland attempted to correct problems on the proposed site without cooperation from appellants, and Southland finally felt compelled to terminate the purchase. There was ample evidence to support the jury finding that Southland had not failed to perform its obligation. The second point of error is overruled.

In the third point of error, appellants argue that the court erred in submitting the first jury question because it was not submitted in proper form, did not properly

place the burden of proof, misstated the requirements of the contract, failed to inform the jury that the conditions precedent could be waived by Southland, and amounted to an instructed verdict in favor of Southland. We will address the individual parts of this multifarious point of error separately.

The contract provided that "this purchase and sale is subject to the satisfaction or waiver of the conditions precedent and covenants set forth below, the nonsatisfaction or non-waiver of any of which shall allow BUYER to terminate this contract, whereupon the EARNEST MONEY shall be returned to BUYER." In Plaintiffs' Fourth Amended Petition, appellants asserted that "Southland does not have the right to unreasonably withhold approval with respect to any of the conditions. So long as the intended use and improvements, according to the preliminary plans, etc., could be achieved without undue costs or delay, then Southland was not justified in invoking the conditions." Southland's answer was that "Defendant specially denies that the conditions precedent were fulfilled...." "Waiver" was not specifically pled in the amended petition, or mentioned in the answer.

■ When addressing a complaint on the submission of a jury question, any complaints not specifically in the objections are waived. Tex.R.Civ.P. 274. The entire objection to question number one which appellant recited into the record reads as follows:

With respect to question number one, Plaintiff objects to the third paragraph of the question which instructs the jury that Southland's obligation did not arise unless the following conditions precedent were fulfilled in accordance with the terms of the contract on the ground that the—to be consistent with the contract, the instruction should read that Southland's obligation did not arise until the following conditions precedent were fulfilled or waived in accordance with the terms of the contract.

Plaintiff has no other objections to questions [sic] number one. Nowhere in this objection is there a complaint that the burden of proof was not properly placed or that the submission amounted to an instructed verdict in favor of Southland. Nor do appellants state why the question is not in proper form. Appellants cite us to the statement of facts at a volume and page number which is nonexistent. The only objection we find is that stated above. Therefore, we may only consider whether the requirements of the contract were misstated and whether waiver was improperly omitted.

■ The charge to the jury must be a writing signed by the court and the parties must be given the opportunity to object in writing or by dictation to a court reporter in the presence of the court and opposing counsel. Tex.R.Civ.P. 272. "Either party may present to the court and request written questions, definition, and instruction to be given to the jury." Tex.R.Civ.P. 273. "A request by either party for any questions, definitions, or instruction shall be made separate and apart from such party's objections to the court's charge." Id. Additionally, the objecting party must point out the objectionable matter with specificity stating the grounds of such objection. Tex.R.Civ.P. 274.

■ A mere request to submit a different instruction or issue than that proposed by the court does not sufficiently point out the specific objectionable matter and will not be considered an "objection" for the purposes of Rule 274. See Schutz v. Southern Union Gas Co., 617 S.W.2d 299, 302 (Tex.Civ.App.—Tyler 1981, no writ). Appellants' suggestion that the instruction "should read" a particular way does not constitute a proper objection, and does not alert the court that the instruction misstated the contract or improperly omitted the term "waiver." Also fatal to appellants' objection to the charge is their failure to submit their requested instruction in writing and in substantially correct form as required by Tex.R.Civ.P. 278. We find appellants have waived any error as to the trial court's submission of question number one. Appellants' third point of error is overruled.

Appellants contend in their fourth point of error that the trial court erred in refusing to submit the case on the broad form question requested by them. The requested question was "Do you find from the preponderance of the evidence that defendant breached the Purchase Agreement signed by defendant on November 9, 1984?"

■ The issue of whether a party "breached a contract" is a question of law rather than fact, and should not be submitted to the jury. *Porta–Kamp Mfg. Co., Inc. v. Atlanta Maritime Corp.*, 753 S.W.2d 699, 702 (Tex.App.—Houston [14th Dist.] 1988, writ denied). This court has held that "this ultimate question of law is for the court to decide based upon the facts found by the jury." *Id.* Thus, the trial court did not err by refusing to submit the issue as requested. Point of error four is overruled.

In point of error five, appellants contend that the trial court erred in failing to grant a trial amendment asserting waiver of conditions precedent under the terms of the contract. In appellants' fourth amended petition, they asserted that "all conditions precedent specified in the contract were satisfied...." After appellants made their objections to the charge, they requested a trial amendment to their petition stating: "All conditions precedent were either fully performed or waived by Southland as provided in the terms and conditions of the purchase agreement." This request was denied by the trial court. Appellants argue there was evidence that with the knowledge of the conditions, appellee elected to pursue the contract and reaffirmed it.

The rules of civil procedure provide:

If during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits.

TEX.R.CIV.P. 66. The Texas Supreme Court, in holding that the trial court abused its discretion, stated there was "no discretion to refuse an amendment unless: (1) the opposing party presents evidence of surprise or prejudice; or, (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment." *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990).

■ Other than the fact that appellee tried to work with appellants to have the condition precedents met, there was ample evidence showing that appellee had not waived the performance of the conditions precedent. Appellee testified that if it had known there were FEMA compliance problems it would not have entered into a contract. Once the contract was in escrow, however, appellee stated that it was company policy to try to work out any problems with the buyer. Southland had no intention, though, of accepting the expense of the $22,000.00 line of credit to obtain approval of the replat. Although we find no evidence of appellee's waiver of the conditions precedent, we nevertheless find that appellee did not offer evidence of surprise or prejudice concerning the requested trial amendment. Thus, under *Greenhalgh*, the court abused its discretion in not allowing the amendment. Notwithstanding, we find any such error harmless in light of appellants' failure to properly object to the court's charge, and their failure to properly tender a written instruction in substantially correct form. Appellants' fifth point of error is overruled.

■ Appellants assert in their sixth point of error that the trial court erred in sending the jury a note in response to their question during deliberations because the instructions were tantamount to an instructed verdict. During deliberations the jury sent out a question to which the court responded:

In response to your question regarding Question No. 1, if 10 or more members of the jury answer "no" to any one of (a),

(b), (c), or (d), your answer to Question No. 1 will be "no."

Alternatively if 10 or more members of the jury answer "yes" to (a), (b), (c), and (d) (all four), then determine if Southland failed to perform its obligation under the purchase contract.

The court's response is in the record however the jury's question was not made part of the record. The burden is on the appellant to bring forth a sufficient record for review. TEX.R.APP.P. 50(d). Further, a complaining party must object to any further instructions proposed by the court which are objectionable in conformity with the rules regarding the charge. TEX. R.CIV.P. 286. No objection is apparent from the record, therefore, appellants have waived any error.

■■■ Nonetheless, to prove a comment on the weight of the evidence, appellant must show that the trial court's instruction suggested its opinion on the matter. *Southmark Mgt. Corp. v. Vick,* 692 S.W.2d 157, 160 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e). The court's instruction did not suggest its opinion, therefore, it was not a comment on the weight of the evidence and was not tantamount to an instructed verdict. Appellants' sixth point of error is overruled.

In points of error seven through nine, appellants assert that the trial court erred in rendering judgment on the jury verdict because the evidence is legally and factually insufficient, or against the overwhelming weight and preponderance to support the jury finding on Question No. 3. Question No. 3. That issue provides as follows:

Do you find that Felix S. Garza and Alfred Gutierrez, Jr. are precluded from asserting that Southland failed to perform its obligations under the Purchase Contract?

In connection with Question No. 3, you should consider the following:

(a) Whether or not there was a false representation or concealment of material facts was made by Felix S. Garza or Alfred Gutierrez, Jr.;

(b) Whether or not the representation or concealment was made with knowledge, actual or constructive, of those facts;

(c) Whether or not Southland did not have knowledge of the false representation or concealment;

(d) Whether or not the representation or concealment was made with the intention that it should be acted upon;

(e) Whether or not Southland relied on the representation or concealment to its detriment.

ANSWER "Yes" or "No."

ANSWER: *Yes*

■■■ Appellants assert that even though nothing was said about the floodplain or the "fill" on the property, the contract provided for surveys to be made by Southland, and as such, no argument of misrepresentation or reliance would stand. They also argue that no pre-contract statements or negotiation can vary or contradict the terms of the contract. *See Town North Bank v. Broaddus,* 569 S.W.2d 489 (Tex. 1978). While it is true that the terms of a contract cannot be contradicted by terms discussed prior to or contemporaneously with the contract, *Broaddus* does not apply to concealment made prior to the contract. That Court only held that a negotiable instrument could not be altered by "parol agreements or representations of a payee that a maker or surety will not be liable thereon." *Id.* at 491. In that situation, the liability of a party on a note is an essential requirement of such note.

■■■ In the case at bar, a contract in which certain conditions precedent must be met, and the provision for surveys to be conducted would not mean that there could be no concealment of material facts. Appellee even testified that it never would have entered into the contract if appellants had disclosed the information about the floodplain condition. We find that there was sufficient evidence to support the submission of Question No. 3.

Even assuming *arguendo,* it was error to submit Question No. 3, the error would nevertheless be harmless in light of the jury's finding of no liability on the part of Southland under Question No. 1. The

jury's affirmative response on the last issue only served to support their finding that Southland was not the wrongdoer under the contract. Points of error seven through nine are overruled.

Accordingly, the judgment of the trial court is affirmed.