NEW CANEY INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES as Body Corporate in the Name of New Caney Independent School District, Appellant,

v.

BURNHAM AUTOCOUNTRY, INC., Appellee.

No. 06–97–00073–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 28, 1998.

Decided Feb. 6, 1998.

Dennis Eichelbaum, Schwartz & Eichelbaum, Austin, for appellant.

J. Mitchell Smith, Wells, Peyton, Greenberg & Hunt, Beaumont, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

This is an appeal from a default judgment. Burnham Autocountry, Inc. ("Burnham") filed suit against the New Caney Independent School District ("NCISD") and the board of trustees of the district in its official capacity, alleging a breach of a contract for the purchase of vehicles. The trial court rendered default judgment against the board of trustees in its official capacity because it failed to file an answer. The trustees con-

tend that the school district's answer operated as an answer for the board of trustees in its official capacity, and thus default judgment against it was improper. We agree and will reverse the judgment.

The contract provided that eight of the vehicles would be trucks at a price of $17,622.00 each, but the total price of the trucks was listed in the contract as $100,976.00. The total amount for the eight trucks at the stated price of $17,622.00 per truck should have been $140,976.00. Burnham delivered the trucks, but the NCISD refused to pay the excess $40,000.00 or to return any trucks. Consequently, Burnham brought suit against the NCISD on November 22, 1995.

On December 20, 1995, the NCISD filed its original answer and special exceptions. Subsequently, the NCISD filed a plea to the jurisdiction, asserting sovereign immunity from suit on a contract. In response to this plea, Burnham asserted that it would amend its original petition to add as a party the NCISD Board of Trustees as a body corporate in the name of NCISD ("Board"). Accordingly, Burnham subsequently amended its original petition and joined the Board, in its official capacity, as a codefendant. The Board failed to file an answer, and the trial court awarded a default judgment against it in favor of Burnham. The Board filed a motion to set aside the default judgment and motion for new trial, which the trial court overruled. The Board moved for severance, which the trial court granted, and appealed the final default judgment.

The Board raises two points of error: (1) the trial court erred as a matter of law when it granted a default judgment by holding that the NCISD and the NCISD Board of Trustees as a body corporate in the name of the NCISD were separate and district entities, and (2) the trial court abused its discretion both when it granted a default judgment without requiring all parties to first be given notice of the hearing and thereafter when it denied the Board's motion to set aside the default judgment and grant a new trial.

■ The Board first argues that the trial court erred in granting the default judgment because it is not a separate entity from the NCISD, and thus the original answer of

NCISD was sufficient to protect it against a default judgment. The issue is whether a school district is a separate party from the school board, in its official capacity, for the purposes of a default judgment.

There is a three-tiered system for the implementation of education in Texas. *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 282 (Tex.1996). At the state level, there is the Texas Education Agency and the State Board of Education. *Id.* Regionally, there are the regional education service centers. *Id.* Locally, there are the independent school districts, which have been the basis of the public school system of Texas from the days of the Republic. *Id.* These independent school districts have a large amount of political autonomy from the State, the TEA, and the Board of Education. *Id.*

■ School districts are local public corporations that have the same general character as municipal corporations. *Love v. City of Dallas*, 120 Tex. 351, 40 S.W.2d 20, 26 (1931). Each district is governed by a board of trustees that is granted the exclusive power and duty to govern and oversee the management of the public schools for the district. *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d at 282. Further, the independent school districts have the right, through their boards of trustees, to sue and be sued in the name of the district. *Id.* Indeed, the Texas Education Code provides in part,

> The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, sue and be sued, and receive bequests and donations or other moneys or funds coming legally into their hands.

Tex. Educ.Code Ann. § 11.151(a) (Vernon 1996).

■ There are generally two types of parties. 1 McDonald Texas Civil Practice § 5:2 (rev.1992). The first type is a nominal party, who is named as a litigant but who has no personal pecuniary interest that will be affected directly by the outcome of the controversy, and who appears solely as the representative of some party who does have a

personal pecuniary interest. *Id.* (citing *Clark v. Hopkins,* 34 Tex. 139 (Tex.1870)). The second type is a real party, who has a personal pecuniary interest that will be directly affected by the outcome of the controversy. *Id.* Normally, the real party is named in the suit, but there are circumstances where a real party is represented by a nominal party, and the action proceeds to judgment without the record reflecting the real party's name. *Id.* In the circumstance where a school district is being sued because of the official actions of its board members, the real party is the school district because the school district is the party that will be responsible for any judgment rendered against either itself or the board of trustees. *See generally Cavers v. Sioux Oil & Refining Co.,* 39 S.W.2d 862, 867–68 (Tex. Comm'n App.1931, holding approved). The board of trustees, when sued in its official capacity, is the nominal party. *Id.* If the board members act in their official capacities, they cannot be held personally liable for their acts. When made a party to the suit, the board of trustees represents the school district, and a judgment taken against the trustees can be enforced against the school district.

There is little case law interpreting the relationship between the trustees of a school district acting in their official capacities and the school district itself. Burnham relies on *Edinburg Consol. Indep. Sch. Dist. v. St. Paul Ins. Co.,* 783 S.W.2d 610 (Tex.App.—Corpus Christi 1989, writ denied). That case is not in point. It is an insurance case, not a parties case, as is this case.

If in this case the failure of the Board, a nominal party, to file an answer results in a default judgment against the Board in its official capacity, NCISD, the real party in interest, will be responsible for the judgment even though it filed an answer. This result would be inherently unfair and counter to what a default judgment is intended to effect.[1] Obviously, a no-answer default judgment may not be rendered against a defendant that has filed an answer. TEX.R. CIV. P. 239; *R.T.A., Int'l, Inc. v. Cano,* 915 S.W.2d 149, 151 (Tex.App.—Corpus Christi 1996, writ denied); *Faunce v. NCNB Texas Nat'l Bank,* 846 S.W.2d 876 (Tex.App.—Houston [14th Dist.] 1992, no writ). In the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity. It follows that the answer of NCISD operated to the benefit of the Board, and default judgment was improper.

Because we sustain the Board's first point, it is unnecessary for us to consider the other point. The judgment is reversed and the cause is remanded for a trial on the merits.

---

1. The purpose of a default judgment is to expedite the disposal of cases and thereby prevent a dilatory or procrastinating defendant from impeding a plaintiff in the establishment of his claim. 47 TEX. JUR.3d *Judgments* § 114 (1986). A default judgment is not a procedural device intended to help the plaintiff obtain a judgment without the effort entailed in a contest on the merits. *Beck v. Avondino,* 20 Tex.Civ.App. 330, 50 S.W. 207, 209 (1899).