NUMBER
13-00-782-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

LA VILLA INDEPENDENT SCHOOL DISTRICT,                          Appellant,

 

                                                   v.

 

GOMEZ GARZA DESIGN, INC.,                                                Appellee.

___________________________________________________________________

 

                      On
appeal from County Court at Law No. 4

                                  of
Hidalgo County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                    Before
Justices Dorsey, Yañez, and Rodriguez



                                Opinion
by Justice Rodriguez

 

Appellant, La Villa Independent School District, (La Villa)
brings this appeal following a final judgment in favor of appellee,
Gomez Garza Design, Inc., (Garza Design) for breach of contract.  We affirm.

 








I.  Facts

On May 24, 1995, La Villa=s board of
trustees held a meeting wherein it gave 
Garza Design authorization to develop architectural plans for a new
elementary school.  A few days later,
Garza Design=s president,
Rudolph Gomez, presented La Villa=s
superintendent, Eduardo Gonzalez, with a contract which described the project
as ADesign of New
Elementary.@  Gonzalez signed the contract and Garza Design
proceeded to design several options for La Villa.  Garza Design presented the options to La
Villa.  One of the design options was
Phase I of the Elementary-Middle School project (Phase I project), which
consisted of additions to the middle school building and remodeling work to the
elementary school building.  On September
6, 1995, La Villa=s board of
trustees granted authorization for Garza Design to proceed with the preparation
of the Phase I project.  The project was
completed by October,1996, and Garza Design was paid for its design work. 








In 1997, La Villa=s new
superintendent, Bonifacio Moron, directed Garza
Design to begin preliminary design work for a new elementary school and
improvements to the high school under the contract signed by Gonzalez in
1995.  After a bond issue was passed,
Garza Design presented its design work on the new elementary school to La Villa=s board of
trustees.  No action was taken by La
Villa on Garza Design=s
presentation.  Garza Design later learned
La Villa had hired a different company to design its plans for the elementary
school.  Garza Design sent a demand
letter to La Villa for payment of $61,625.71 for the design work of the new
elementary school.  Garza Design also
demanded the claim be submitted to arbitration, as set forth under the terms of
the 1995 contract.  La Villa filed a
petition for declaratory judgment asking the trial court to find the 1995
contract had been fully performed and to find Garza Design was not under any
contract with La Villa for the design of the new school.  The trial court enjoined the arbitration
proceedings and Garza Design filed a counterclaim against La Villa for breach
of contract.  Following a jury trial, the
trial court entered judgment in favor of Garza Design.  This appeal ensued.

II.  Analysis

In issues one and three, La Villa contends the trial court
erred in denying its motion for judgment notwithstanding the verdict and to
disregard jury findings because the evidence was legally insufficient to
support the jury=s affirmative
answer to question number one.[1]

A.  Law








Texas Rule of Civil Procedure 301 provides a court may render
judgment non obstante verdicto
(JNOV) if a directed verdict would have been proper and may disregard any jury
finding on a question that has no support in the evidence. See Tex. R. Civ. P. 301.  A motion for JNOV should be granted when the
evidence is conclusive and one party is entitled to judgment as a matter of
law.  See Mancorp,
Inc. v. Culpepper, 802 S.W.2d 226, 227-28 (Tex. 1990); Taco Cabana, Inc.
v. Exxon Corp., 5 S.W.3d 773, 777 (Tex. App.BSan Antonio 1999, pet. denied).  We review the denial of a motion for JNOV
under a legal sufficiency or no evidence standard of review.  Trinity Indus. v. Ashland, Inc., 53
S.W.3d 852, 863 (Tex. App.BAustin 2001,
pet. denied); Khalig v. Boyd, 980
S.W.2d 685, 688 (Tex. App.BSan Antonio
1998, pet. denied).  That is, we review
the record in the light most favorable to the jury=s findings,
considering only the evidence and inferences that support them and disregarding
all evidence and inferences to the contrary. 
Trinity Indus., 53 S.W.3d at 863; see Bradford v. Vento,
48 S.W.3d 749, 754 (Tex. 2001); Wal-Mart Stores, Inc. v. Bolado,
54 S.W.3d 837, 841 (Tex. App.BCorpus Christi
2001, no pet.).  If there is more than a
scintilla of evidence to support the findings, the motion for JNOV was properly
denied.  See Mancorp,
Inc., 802 S.W.2d at 228; Trinity Indus., 53 S.W.3d at 863.  The evidence supporting a finding amounts to
more than a scintilla if reasonable minds could arrive at the finding given the
facts proved in the particular case.  Burroughs
Wellcome Co. v. Crye,
907 S.W.2d 497, 499 (Tex. 1995); Bolado, 54
S.W.3d at 841.

B.  Existence of Contract








La Villa first argues Garza Design did not prove the existence
of a legally binding contract because Garza Design failed to offer minutes of a
meeting showing La Villa authorized the contract.  La Villa relies on Wagner v. Porter,
56 S.W. 560, 561 (Tex. Civ. App. 1900), wherein the
court held the acts of municipal corporations may only be shown by the minutes
of the meetings of their council.  Id.[2]  La Villa argues that because a school board is
a governing body, there must be evidence the school board affirmatively acted
to approve or ratify the contract.  This
evidence, it argues, may only be reflected in the authenticated minutes of the
school board meeting.  See Wagner,
56 S.W. at 561; City of Bonham v. Southwest Sanitation, Inc., 871 S.W.2d
765, 767 (Tex. App.BTexarkana 1994,
writ denied).

The record reflects Garza Design offered minutes from the
school board meeting held on May 24, 1995, into evidence.  The relevant portions of the meeting state:

A discussion
was held for Gomez Garza Design Inc. to proceed with architectural plans for
new elementary school campus.

 

After the
discussion, Mr. Salazar moved and Mrs. Ramos seconded to authorize Gomez Garza Design
Inc. to proceed with architectural plans for new elementary school campus and
to provide several options.

 

Mr. Garza
called for discussion.  He called for a
vote.  All voted in favor.  The motion carried.        

 

We
find these minutes constitute sufficient evidence to reflect that the school
board authorized a contract for the design of a new elementary school.  

C.  Authority of
Superintendent








La Villa further contends that even if we find the minutes
reflect authorization of a contract between La Villa and Garza Design, there is
insufficient evidence to prove La Villa=s
superintendent had authority to bind La Villa to the contract.  Garza Design counters that La Villa is estopped from making this argument.

La Villa cites a number of cases for the proposition that the
superintendent=s act of
signing the contract was not binding on La Villa because there is no evidence
the superintendent had express authority to do so.  In City of Floydada v. Gilliam, 111
S.W.2d 761 (Tex. Civ. App.BAmarillo 1937,
no writ), the court held governing authorities of cities and other
representative bodies may express themselves and bind the institution which
they represent only by acting together in a meeting duly assembled.  Id. at 764; see City of Bonham,
871 S.W.2d at 767-68 (city not bound to addendum to contract when minutes of
meeting at which contract was approved did not reflect approval of addendum); Stirman v. City of Tyler, 443 S.W.2d 354, 358
(Tex. Civ. App.BTyler 1969, writ
ref=d n.r.e.) (governing authorities of cities are authorized to
delegate to others the right to perform acts and duties necessary to the
transaction of the city, but can do so only upon resolution or ordinance by a
majority vote).  However, estoppel may apply against a  subdivision of government, such as a school
district.  See Bowman v. Lumberton Indep. Sch. Dist., 801 S.W.2d
883, 888 (Tex. 1990).








AWhile estoppel cannot be used to create a new power or enlarge
one already in existence, it may be employed to defend against mere
irregularities in the doing of a thing in controversy where the power was
present to do so.@ Id. at 889 (citing El
Paso County v. City of El Paso, 357 S.W.2d 783, 789 (Tex. Civ. App.BEl Paso 1962,
no writ).  Where the governing body is a
board, as in this case, and if the evidence clearly indicates that the
subordinate officer=s act was done
with the knowledge of the school board, and was so closely related to the
expressed will of the school board as to constitute an act of the board itself,
the school board is estopped from claiming the
superintendent did not have authorization to sign the contract.  See id. at 888. 

In this case, it is undisputed that the school board had the
power to authorize, approve, and sign the contract between the parties by
proper action.  Furthermore, there
is ample evidence that the action of Superintendent Gonzalez, who actually
signed this contract on behalf of the school board, was with the knowledge and
implicit approval of the board.  See
id.  For instance, Gonzalez testified
that he had never taken contracts to the board for approval prior to signing
the contracts.  He stated that once the
board gave him directions, he had authority to proceed.  Gonzalez further testified that, as the
school=s agent, he
entered into two other contracts with La Villa without submitting them to the
board, and that Garza Design was paid for the services rendered under those
contracts.








Moreover, testimony by two past superintendents of the La Villa
school board provided evidence that they had authority to sign approved
contracts and bind La Villa without first having to submit the contract to the
board.  Superintendent Moron, who was superintendent
subsequent to Gonzalez, testified that he had authority to sign all contracts
approved by the board without first submitting them to the board.  Superintendent Salazar, who preceded Gonzalez
as superintendent, and who later served as a school board member, testified he
signed contracts once approval was given, without first submitting them to the
board.  Salazar further testified that,
during the May 24, 1995 meeting, his motion to authorize Garza Design to
prepare certain documents was intended to authorize Superintendent Gonzalez to
sign a contract with La Villa.  The
school board indicated its intention, as stated in the minutes and testimony,
to adopt the contract between La Villa and Garza Design.  See id.  Therefore, the superintendent did not need
the express approval of the entire board to bind the board, and the board is estopped from arguing that the action of the superintendent
was not authorized.  See id.  

Looking at the record in the light most favorable to the jury=s findings, we
conclude there is more than a scintilla of evidence to support the affirmative
answer to question number one, that the superintendent had authority to sign
the contract.  See Mancorp, Inc., 802 S.W.2d at 228; Trinity
Indus., 53 S.W.3d at 863.  The motion
for JNOV was properly denied. 
Accordingly, La Villa=s first and
third issues are overruled.[3]

III.  Alternative Issues

A.  Defensive Issue








In La Villa=s first and
second alternative issues, it contends the trial court erred by not submitting
its defense issue to the jury and by denying its motion for judgment
notwithstanding the verdict because the contract was in violation of the
Professional Services Procurement Act (Act).

La Villa contends the Act was violated because Garza Design=s president,
Gomez, testified he had not submitted a proposal or statement of qualifications
to the school board prior to accepting the contract and he had not negotiated a
fee for his services with the board.  La
Villa further contends that Superintendent Gonzalez did not recall advertising
for any architectural services prior to the contract with Garza Design, nor did
he recall if Garza Design submitted a statement of qualifications to the
board.  Because of this evidence, La
Villa contends the contract is void as against public policy.  See Tex.
Gov=t Code Ann. ' 2254.005 (Vernon 2000).

The relevant portion of the Act is found in section 2254.004,
which provides:

(a) In
procuring architectural . . . services, a governmental entity shall:

 

(1) first
select the most highly qualified provider of those services on the basis of
demonstrated competence and qualifications; and

 

(2) then
attempt to negotiate with that provider a contract at a fair and reasonable
price.

 

Tex. Gov=t Code Ann. ' 2254.004
(Vernon 2000).








Looking at the plain language of the statute and the evidence
presented, it is apparent the statute was not violated.  There is no requirement for the architect to
submit a statement of qualifications to the board prior to signing a contract
with it.  The Act merely requires the
selection of the most highly qualified architect on the basis of demonstrated
competence and qualifications who will agree to a fair and reasonable price.  See id.

In this case, Garza Design was a return client having performed
twenty to thirty jobs for La Villa over a twenty-year period. Former school
board president Garza testified that, as president, he was satisfied with Garza
Design=s demonstrated
qualifications and had no reason to seek another architect.  Former superintendent Salazar testified that
as superintendent he was comfortable and satisfied with Garza Design=s work,
competency, and product.








Superintendent Gonzalez had the authority to negotiate with
Garza Design on the fee arrangement for the contract on behalf of the
board.  The superintendent of a school
district acts as the agent of the board of trustees.  Bowman,
801 S.W.2d at 888 (citing Pena v. Rio Grande City Cons. Indep. Sch. Dist.,
616 S.W.2d 658, 659-60 (Tex. Civ. App.BEastland 1981,
no writ)).  We have already held
Superintendent Gonzalez had authorization to sign the contract and bind La
Villa to the contract.  The acts of the
agent of the board bind the board unless the acts were unauthorized.  See id.  Furthermore, based on witness testimony for
La Villa and Garza Design, the fee arrangement of six percent of the
construction cost is considered the standard fee for school districts.  Therefore, it is clear that the actions of
Gonzalez and the board did not violate section 2254.004 of the Act.  Because the Act was not violated, the trial
court did not err by not submitting La Villa=s defensive issue and by denying its
judgment notwithstanding the verdict. 
Accordingly, alternative issues one and two are overruled.

B.  Damages

In alternative issues three and four, La Villa contends the
trial court erred by denying its motion for judgment notwithstanding the
verdict because the evidence was legally insufficient to support the jury=s answer to
question number four.[4]  Jury question number four asked, AWhat amount of money,
if any, do you find should be paid to Gomez Garza Design, Inc. under the
contract with La Villa Independent School District?@  The jury answered, A$52,850.00.@








In order to determine whether the amount awarded was justified,
the compensation provisions provided under the contract must be examined.  Under the contract, Garza Design was to be
paid six percent of the total construction cost.  Gomez, president of Garza Design, testified
the construction cost for the new elementary school was the bond amount of
$2,250,000.00.  See Trinity Indus.,
53 S.W.3d at 863 (we review the evidence in the light most favorable to the
jury finding).  Six percent of the
construction cost equals $135,000.00. 
From this figure,  Garza Design
was to be paid a certain percentage for each phase completed, fifteen percent
for completion of the schematic phase, and twenty percent for completion of the
design phase.  Therefore, Garza Design was
to be paid thirty-five percent of the $135,000.00, or $47,250.00.  There was also a termination fee of ten
percent from the total compensation if Garza Design was terminated during the
design phase, which equals $4,725.00. 
The contract set out that Garza Design was also to be paid a
reimbursable expense in the amount of $875.00. 
Based on these amounts, the total compensation owed for Garza Design=s work was
$52,850.00.

We have already held the La Villa=s school board authorized the contract for
the design of the Anew elementary
school@ by Garza
Design.  We have also held the
superintendent is the agent of the school board and, further, that the school
board gave the superintendent authorization to sign the contract.  Based on these holdings, we find the
superintendent had authority to approve the schematic design and order the
design development phase to proceed as set forth in the contract.  Furthermore, the evidence establishes
Superintendent Moron authorized Garza Design to proceed with the design
development stage for the new elementary school under the contract.  The evidence also indicates that the plans
made by Garza Design for the elementary school were used to help promote and
pass a bond issue in the amount of $2,250,000.00.

Examining the evidence in the light most favorable to the
finding, see Trinity Indus., 53 S.W.3d at 863, we find more than a scintilla
of evidence to support the  $52,850.00
award by the jury under the contract. 
Accordingly, alternative issues three and four are overruled.

 








C.  Construction
Costs  

In its sixth alternative issue, La Villa contends the trial
court erred by disregarding the jury=s answer to
question number eight.  Jury question
number eight reads, ADo you find
that La Villa Independent School District established the bond issue amount of
$2,250.000.00 as the construction cost of the project in the contract in
question?@  The jury answered, ANo.@

La Villa contends that because the jury answered Ano,@ the finding
precludes Garza Design=s
recovery.  However, the question is not
whether the construction cost was $2,250,000.00, but rather, whether La Villa
established that total as the construction cost.[5]  By answering Ano@ to the
question, the jury merely answered the question as asked in the charge.








Furthermore, it is unclear from the record whether the trial
court did disregard the answer to question eight.  However, whether the trial court disregarded
it or not is irrelevant because the question at issue is immaterial.  See C & R Transport, Inc. v. Campbell,
406 S.W.2d 191, 194 (Tex. 1966); Second Injury Fund of Tex. v. Garcia,
970 S.W.2d 706, 710 (Tex. App.BAmarillo 1998,
pet. denied); St. Paul Fire & Marine Ins. Co. v. Bjornson,
831 S.W.2d 366, 369 (Tex. App.BTyler 1992, no
pet.).  A question is immaterial when
either it should not have been submitted, or though properly submitted, it has
been rendered immaterial by other findings. 
C & R Transport Co., 406 S.W.2d at 194.  The jury=s answer to
question number four rendered question number eight immaterial because the jury
had to find the construction cost was $2,250,00.00 in order for the jury to
answer number four as it did, regardless of whether or not La Villa established
the amount.  Accordingly, La Villa=s sixth
alternative issue is overruled.[6]

D.  Motion for New Trial

Finally, in its eighth alternative issue, La Villa contends the
trial court erred in denying its motion for new trial because the essential
elements of Garza Design=s breach of
contract claim were not properly submitted to the jury.

Rule 279 of the Texas Rules of Civil Procedure provides, A[u]pon appeal all independent grounds of recovery or of
defense not conclusively established under the evidence and no element of which
is submitted [in the jury charge] or requested are waived.@  Tex.
R. Civ. P. 279.








However, as the trial court has wide discretion in denying a
motion for new trial, we will not disturb its ruling absent a showing of an
abuse of discretion.  See Director,
State Employees Workers= Comp. Div. v.
Evans,
889 S.W.2d 266, 268 (Tex. 1994); Coastal Banc SSB v. Helle,
48 S.W.3d 796, 800 (Tex. App.BCorpus Christi
2001, pet. denied).  A trial court abuses
its discretion when it acts arbitrarily and without reference to guiding rules
and principles.  Coastal Banc SSB,
48 S.W.3d at 800.

   The essential elements
in a suit for breach of contract are: (1) that a valid contract exists; (2)
that the plaintiff performed or tendered performance; (3) that the defendant
breached the contract; (4) that the plaintiff was damaged as a result of the
breach.  Southwell
v. Univ. of Incarnate Word, 974 S.W.2d 351, 354-55 (Tex. App.BSan Antonio
1998, pet. denied).

Upon review of the record, we conclude all of the essential
elements of a suit for the breach of contract have been conclusively
established by the evidence.  As set
forth throughout this opinion, the evidence establishes: (1) a valid contract
existed; (2) Garza Design performed under the contract; (3) La Villa breached
the contract by terminating the contract and not paying Garza Design for its
services; and (4) Garza Design suffered damages in the amount of
$52,850.00.  Because the essential
elements for the breach of contract claim were conclusively established, the
trial court properly deemed the contract breached as a matter of law.  See Lafarge Corp. v. Wolff, Inc., 977
S.W.2d 181, 186 (Tex. App.BAustin 1998,
pet. denied); Garza v. Southland Corp., 836 S.W.2d 214, 219 (Tex. App.BHouston [14th
Dist.] 1992, no writ).  Therefore, each
essential element was not required in the jury charge.  Tex.
R. Civ. P. 279; Lafarge Corp., 977 S.W.2d at 186.  Accordingly, the trial court did not abuse
its discretion in denying La Villa=s motion for
new trial.  La Villa=s eighth
alternative issue is overruled.








Accordingly, the trial court is affirmed.

 

NELDA
V. RODRIGUEZ

Justice

 

Publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed 

this 30th day
of May, 2002.

 

                                                                                                                   











[1]The
jury answered affirmatively to the following question: ADo
you find that the Board of Trustees of the La Villa Independent School District
on May 24, 1995 delegated to Superintendent Eduardo Gonzalez the function of
signing the agreement dated May 26, 1995 with Gomez Garza Design, Inc.?@

 





[2]See,
cf. New Caney Indep. Sch.
Dist. v. Burnham, 960 S.W.2d 957, 958
(Tex. App.BTexarkana 1998,
pet. denied) (school districts are local public corporations that have the same
general character as municipal corporations) (citing Love v. City of Dallas,
40 S.W.2d 20, 26 (1931)).  





[3]La
Villa listed in the Aissues
presented@ section of its
brief that issue number two was A[w]hether the court erred in denying [a]ppellant=s
[m]otion for [n]ew [t]rial and rendering judgment for [a]ppellee.@  However, La Villa failed to include this
issue in the Aargument@
section of the brief.  Therefore, the
issue is waived.  See Tex. R. App. P. 38.1(h).





[4]Although
La Villa asks this court to use a factual insufficiency review, the proper
standard of review for the denial of a motion for judgment notwithstanding the
verdict is a legal or no evidence standard of review.  See Trinity Indus. v. Ashland, Inc.,
53 S.W.3d 852, 863 (Tex. App.BAustin
2001, pet. denied).





[5]Gomez
testified the total construction cost was $2,250.000.00.  See Pilkington v. Kornell,
822 S.W.2d 223, 230 (Tex. App.BDallas
1992, writ denied) (it is within the province of the jury to weigh opinion and
expert testimony).  A
better question for the jury would have been, ADo
you find the evidence established the bond issue amount of $2,250,000.00
as the construction cost of the project in the contract in question?@





[6]La Villa failed
to include the complaint found in alternative issue number seven in its motion
for judgment notwithstanding the verdict. 
See Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991).  La Villa=s seventh alternative issue
has, therefore, not been preserved for review. 
See Tex. R. Civ. P.
324(c); Tex. R. App. P. 33.1.