Ramona GARCIA, Petitioner,

v.

INSURANCE COMPANY OF the
STATE OF PENNSYLVANIA,
Respondent.

No. C–7384.

Supreme Court of Texas.

May 11, 1988.

Rehearing Denied July 13, 1988.

Duane Baker, John Cowan, Susan Larsen, Malcolm McGregor, El Paso, for petitioner.

Jack L. Brewster, Brewster & Mayhall, El Paso, for respondent.

PER CURIAM.

This is a workers' compensation case. The jury found that Mrs. Garcia was permanently and partially incapacitated, beginning January 23, 1985, and awarded past and future compensation. The trial court rendered judgment for the plaintiff based on the jury findings. In an unpublished opinion, the court of appeals reversed and rendered judgment for the carrier that Mrs. Garcia take nothing because there was evidence in the record indicating that Mrs. Garcia was not incapacitated for at least one week as required by *Tex.Rev.Civ. Stat.Ann.* art. 8306, § 6 (Vernon 1967). We reverse the judgment of the court of appeals because it has employed an incorrect "no evidence" analysis, and affirm the judgment of the trial court.

Ramona Garcia had worked for twenty-seven years at the Old El Paso factory (Mountain Pass Canning/Pet, Inc). She was working as a packager on December 14, 1984 when she fell and was injured. She went to the infirmary, was given no medication or treatment, and was told to go back to work, which she did. The next two days were Saturday and Sunday, when she was not required to work. Monday she returned to work. On December 19 she was in pain and went to an emergency room, but was not hospitalized. The next day she returned to work until the beginning of the Christmas vacation. On January 14, 1985 she returned to work after the vacation. She saw another doctor again on January 17, and continued to work until January 23 when she began missing work. She was discharged on February 1, 1985 for failing to report to work on January 24, 25, and 28 without notifying the company.

Under the Workers' Compensation Act, "[n]o compensation shall be paid ... for an injury which does not incapacitate the employee for a period of at least

one week from earning full wages...." *Tex.Rev.Civ.Stat.Ann.* art 8306, § 6 (Vernon 1967). Since the jury found that Mrs. Garcia was permanently and partially incapacitated beginning January 23, 1985, we must consider whether there was some evidence to support that finding. "In deciding a no evidence point, an appellate court must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary." *Alm v. Aluminum Co. of America,* 717 S.W.2d 588, 593 (Tex.1986), *citing Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). If there is more than a scintilla of evidence to support the jury finding, it must be upheld.

In this case, there was evidence elicited from both Mrs. Garcia and her treating physician that she was incapacitated from earning full wages from December 22 to January 14, and again in March of 1985. This was confirmed by the reasonable inferences from her decision to seek emergency room treatment on December 19, her visit to a doctor on January 17, her absence from work, and her treatment for neck injuries for three months.

This evidence constitutes some evidence, certainly more than a scintilla, that Mrs. Garcia was incapacitated for more than one week. However, the court of appeals erroneously focused upon the one piece of evidence to the contrary, elicited from Mrs. Garcia on cross:

Q. Following your fall, December 14, 1984, Mrs. Garcia, you were never off for as long as a week because of that injury, were you?

A. Well, no.

Q. Okay. And you were not incapacitated for a week from earning full wages, were you?

A. Well, no.

The court of appeals should have considered only the evidence tending to support the jury finding of permanent and partial incapacity, and should have disregarded the evidence to the contrary. The opinion and judgment of the court of appeals are thus in conflict with this court's holdings in *Alm v. Aluminum Co. of America,* 717 S.W.2d 588 (Tex.1986) and *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965). Therefore, pursuant to Tex.R. App.P. 133(b), we grant Mrs. Garcia's application for writ of error, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and reinstates the judgment of the trial court.