R.L. SHERMAN, Petitioner,

v.

FIRST NATIONAL BANK IN CENTER, TEXAS, Respondent.

No. C–7414.

Supreme Court of Texas.

June 29, 1988.

Rehearing Denied Nov. 30, 1988.

Thomas R. McLeroy, Jr., Center, for petitioner.

Bill Warren, Center, for respondent.

**PER CURIAM.**

R.L. Sherman sued First National Bank of Center, Texas for wrongful foreclosure on certain real estate. The Bank had advanced Sherman funds to purchase the real estate and secured the funds by a deed of trust upon the property. Eventually, the substitute trustee of the deed of trust gave notice of sale and sold the property. The jury returned a verdict which was favorable to Sherman on the wrongful foreclosure suit. Accordingly, the judge rendered judgment for Sherman. In an unpublished, per curiam opinion, the court of appeals reversed the judgment of the trial court and rendered judgment for the Bank, holding there was "absolutely no evidence" to support the jury's answers to the issues. We reverse the judgment of the court of appeals and affirm that of the trial court.

Sherman and his deceased wife, Annie Sherman, executed a deed of trust and note payable to the Bank to secure a $75,000 loan advanced for the purchase of real estate. The loan was renewed and due for payment on October 20, 1982. In December of 1981, Sherman received a letter from the Bank demanding the payment of several notes, including the $75,000 real estate note which was not due and owing at that time. In an unsuccessful attempt to settle the matter, Sherman offered to pay the notes with cash and certificates of deposit and brought to the Bank's attention the fact that the real estate note was not due at that time.

In July of 1982, the Bank filed suit in Cause No. 20,914 in Shelby County against Sherman, seeking to recover the balance on the notes, including the $75,000 real estate note, or to foreclose on the property securing the notes. The Bank alleged in its pleading in that cause that all notes, except the real estate note, were due. The Bank, through various employees, admitted throughout litigation that the Bank knew the $75,000 real estate note was not due; however, because the Bank was feeling insecure, the Bank included the real estate note in its petition to "run a bluff" against Sherman.

At the time Cause No. 20,914 was filed, Sherman had remarried Jimmie Boles Sherman. He was incarcerated in a federal penitentiary in Fort Worth. Sherman was never served with citation in Cause No. 20,914 and never appeared of record. He only learned of the cause through his wife, Jimmie Boles Sherman, who had learned of the suit through a newspaper article.

After notifying Sherman of the pending suit, Jimmie Boles Sherman visited with bank officials in an attempt to resolve the matter. She put up collateral for several of the notes, and certificates of deposit were liquidated to extinguish the remainder of the indebtedness. Thereafter, the Bank moved the court to dismiss Cause No. 20,914 with prejudice to refile the matter. The court granted the motion and dismissed the entire case with prejudice. However, the Bank urges now that the $75,000 real estate note was excluded from the settlement.

In October of 1982, only two months after Cause No. 20,914 was dismissed with prejudice, the Bank gave Sherman notice of its intent to foreclose on the property securing the $75,000 real estate note. Sherman filed this action seeking to enjoin the foreclosure. The substitute trustee sold the property under the deed of trust in December of 1982. Thereafter, Sherman amended his petition to include a cause of action for wrongful foreclosure.

At trial of the wrongful foreclosure cause of action the jury returned a verdict for Sherman, finding that Cause No. 20,914, including the $75,000 real estate note, was compromised and settled between the Bank and Sherman. Therefore, the Bank wrongfully foreclosed on the real estate. The Bank moved for a judgment notwithstanding the verdict, but the trial court denied the motion on December 31, 1986.

■ Thereafter, the Bank appealed to the court of appeals. In the court of appeals, the Bank urged that the trial court erred in failing to grant judgment notwithstanding the verdict. For appellate purposes, a complaint that the trial court erred in refusing to grant a judgment notwithstanding the verdict, raises only a no evi-

dence point for appellate review. The court of appeals held there was "absolutely no evidence" that Sherman had settled the real estate note with the Bank.

■ Sherman urges here that the court of appeals erred in holding there was no evidence to support the jury verdict. "In deciding a no evidence point, an appellate court must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary." *See Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 593 (Tex. 1986), citing *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). When there is more than a scintilla of evidence, the appellate court may not overturn the jury's finding on a "no evidence" point of error.

At trial, Sherman introduced as Plaintiff's Exhibit One the record of Cause No. 20,914. The record of Cause No. 20,914 reflects that the Bank filed a petition seeking to foreclose the security interest on all notes including the $75,000 real estate note. The record in Cause No. 20,914 also reflects that according to the Bank's "Motion to Dismiss" and "Order of Dismissal" with prejudice *"all* matters [including the real estate note] in dispute between the parties have been fully and finally compromised and settled." (emphasis added).

This evidence constitutes more than a scintilla of evidence that Cause No. 20,914 as compromised and settled included the real estate note. Admittedly, the record in this cause reveals contradictory evidence which is set forth by the court of appeals in its unpublished per curiam opinion. However, the court of appeals should not have considered this contradictory evidence under a no evidence review.

■ Again, we reiterate, an appellate court is limited to reviewing only the evidence tending to support the jury findings in a "no evidence" point of error. The opinion and judgment of the court of appeals is in conflict with this court's repeated holdings. *See e.g. Garcia v. Insurance Co. of the State of Pennsylvania*, 751 S.W.2d 857 (Tex.1988); *Alm v. Aluminum Co. of America*, 717 S.W.2d at 593; *International Armament Corp. v. King*, 686

S.W.2d 595 (Tex.1985); *Garza v. Alviar*, 395 S.W.2d at 823. Therefore, pursuant to Tex.R.App.P. 133(b), we grant Sherman's application for writ of error, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and reinstates the judgment of the trial court.