Michael CLAY, Appellant,

v.

BMS, INC. and Stockdale Butane Gas Company d/b/a Akin Propane, Appellees.

No. 04–99–00076–CV.

Court of Appeals of Texas, San Antonio.

June 20, 2001.

Rehearing Overruled Oct. 12, 2001.

John N. Tyler, Tyler & Peery, San Antonio, for appellant.

Alex M. Miller, Mark R. Stein, Watts & Heard, L.L.P., Edward C. Mainz, Jr., Vaughn E. Waters, Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, Kellye Hirtriter, Hughes, Watters & Askanase, L.L.P., Houston, for appellees.

Sitting TOM RICKHOFF, ALMA L. LÓPEZ, and PAUL W. GREEN, Justices.

Opinion by PAUL W. GREEN, Justice.

Michael Clay appeals from the trial court's judgment notwithstanding the verdict on his negligence claim against BMS, Inc .(BMS) and Stockdale Butane Company (Stockdale). Clay claims there was evidence to support the verdict and the judgment n.o.v. was improper. We disagree and affirm the trial court's judgment.

### Background

Clay was injured on the job when a forty-four hundred pound cylindrical liquified petroleum tank fell over on him. The tank, owned by BMS, was located on property owned by Clay's employer, Welder's Equipment Company (Welder's). Two years before the accident, BMS hired Stockdale to move the tank to a position about 25 feet from its original location. Stockdale used a crane to lift the tank from its foundation of masonry blocks.

The foundation was then removed to its new location, and the tank was lowered back onto the foundation.

On the day of the accident, Clay was attempting to read a gauge on top of the BMS tank when the tank rolled toward him, wedging him against an adjacent tank. He sued BMS and Stockdale, alleging the tank was negligently installed and maintained on a foundation of broken, cracked, or uneven masonry blocks. The jury found Clay, BMS, and Stockdale negligent and awarded Clay $86,000.00 in damages. The trial court, however, disregarded the jury verdict and rendered a take-nothing judgment against Clay.

### Standard of Review

■■■■ The trial court properly enters a judgment notwithstanding the verdict when there is no evidence upon which a jury could base its findings. *Brown v. Bank of Galveston*, 963 S.W.2d 511, 513 (Tex.1998); *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990). To determine whether the trial court's judgment was proper, we review only the evidence supporting the jury's verdict and disregard all contrary evidence. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex. 1988). If more than a scintilla of evidence supports the jury finding, the judgment notwithstanding the verdict is erroneous. *Garcia v. Ins. Co. of Pa.*, 751 S.W.2d 857, 858 (Tex.1988). In the trial court, BMS and Stockdale successfully argued there was no evidence the accident was caused by broken or cracked foundation blocks. Accordingly, we look only to the evidence tending to support the jury's causation finding.

### Discussion

■■■ The essence of Clay's liability theory is that Stockdale installed or BMS maintained the tank on cracked or broken foundation blocks. Therefore, for Clay to prevail there must be some evidence the foundation blocks were in a cracked or broken condition before the accident occurred. Clay identifies only two pieces of evidence on this point. The first is a photograph taken after the accident showing cracked and broken foundation blocks in the vicinity of the tank. The second is his own testimony that he saw broken blocks under the tank as he was being removed from the scene of the accident.

Neither the photograph nor Clay's testimony assist on the question of whether the blocks were in a broken condition before the accident. First, none of the broken masonry blocks shown in the photograph or referenced in Clay's testimony were identified as having ever been part of the foundation of the tank that rolled over. Second, the mere fact there were broken blocks on the scene after the accident does not justify an inference that the blocks were cracked before the accident. *Kindred v. Con/Chem., Inc.*, 650 S.W.2d 61, 63 (Tex.1983) (holding when evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion, the evidence is no more than a scintilla and, in effect, no evidence). Indeed, the existence of other reasonable explanations for the condition of the foundation blocks makes it impossible to attach any probative value to the post-accident condition of the blocks. *Id.* The trial court correctly instructed the jury, without objection, not to consider the photograph to be evidence of the condition of the blocks before the accident.

■■■ Clay also offered a theory that a truck and hose used to fill the tanks could have caused the weakening of the masonry foundation. Again, this evidence is no more than "mere surmise or suspicion" and is, therefore, insufficient to support a verdict of liability. *See id.*

Clay further complained of the trial court's failure to instruct the jury on *res ipsa loquitur.* In the right case, the doctrine of *res ipsa loquitur* permits the trier of fact to infer both negligence and causation. However, *res ipsa* applies only if the plaintiff proves the accident is of the type not ordinarily occurring in the absence of negligence and that the instrumentality of the accident was under the exclusive management and control of the defendant. *See Mobil Chemical Co. v. Bell,* 517 S.W.2d 245, 251 (Tex.1974). *Res ipsa* does not apply in this case because Clay alleged the injury could have been caused by either Stockdale or BMS. Moreover, the jury found that Clay was also responsible for the accident. Accordingly, Clay has not established the second element of *res ipsa*—that the instrumentality of the accident was under the exclusive control of one of the defendants. The complaint is overruled.

### Conclusion

Clay presented no evidence from which the jury could reasonably conclude his injury was caused by the negligence of BMS or Stockdale. Accordingly, we affirm the trial court's judgment. The remaining issues on appeal are overruled as moot.

Dissenting opinion by ALMA L. LÓPEZ, Justice.

I respectfully dissent from the majority opinion which finds there was no evidence that the accident was caused by broken or cracked foundation blocks. The plaintiff testified that the tank fell on him, and while he was pinned by the tank, he observed cracked blocks under the tank. After an eight-month recuperation, Clay returned to work and again observed the tank sitting on its side with "a whole lot" of cracked blocks. He also testified that he knew the tank "was sitting on either broken blocks, missing or either uneven blocks in order for the tank to fall over on

me." The majority discounts this evidence as a mere surmise or suspicion. However, upon my review of the entire record in the light most favorable to the findings, considering only the evidence and inferences that support the findings, and rejecting the evidence and inferences contrary to the findings, I would find that plaintiff's testimony coupled with that of another witness provides more than a scintilla of evidence to support the jury's findings. *See Navarette v. Temple Indep. Sch. Dist.,* 706 S.W.2d 308, 309 (Tex.1986); *Williams v. Bennett,* 610 S.W.2d 144, 145 (Tex.1980). The jury's finding may be upheld on circumstantial evidence as long as it may fairly and reasonably be inferred from the facts. *Blount v. Bordens, Inc.,* 910 S.W.2d 931, 933 (Tex.1995).

The equal inference rule upon which the majority relies provides that a jury may not reasonably infer an ultimate fact from meager circumstantial evidence "which could give rise to any number of inferences, none more probable than another." *Hammerly Oaks, Inc. v. Edwards,* 958 S.W.2d 387, 392 (Tex.1997). However, "in reviewing circumstantial evidence, we must look at the totality of the known circumstances rather than reviewing each piece of evidence in isolation." *See Felker v. Petrolon, Inc.,* 929 S.W.2d 460, 464 (Tex. App.—Houston [1st Dist.] 1996, writ denied). Circumstantial evidence often requires a fact finder to choose among opposing reasonable inferences. *See, e.g., Farley v. M M Cattle Co.,* 529 S.W.2d 751, 757 (Tex.1975). And this choice, in turn, may be influenced by the jury's views on credibility. Thus, a jury is entitled to consider the circumstantial evidence, weigh witnesses' credibility, and make reasonable inferences from the evidence it chooses to believe. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 797 (Tex.1951).

The jury observed the plaintiff, when he described what he observed on the day of

the accident, as a man five feet four inches in height, weighing 145 pounds. The jury also heard Alton Banks, owner of Stockdale Butane Gas, who stated that the tank that toppled over on the plaintiff likely weighed more than two tons. Banks testified that it was not possible for the plaintiff to pull a 4,000 pound tank over on himself. If he did pull it over, it would indicate that something was wrong with the level of the tank at that period of time for him to be able to do that. The only way for the tank to move, for plaintiff to be able to pull the tank over, was if something had happened to the structures that the tank was sitting on. Gary Turnbow, head of operations for Welders Equipment Co., also testified that the tank weighed more than 4,000 pounds at the time of the accident. I would find that there is more than a scintilla of evidence to support the jury's verdict.