# IN THE SUPREME COURT OF TEXAS

No. 12-0772

ZACHRY CONSTRUCTION CORPORATION, PETITIONER,

v.

PORT OF HOUSTON AUTHORITY
OF HARRIS COUNTY, TEXAS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

JUSTICE BOYD, joined by JUSTICE JOHNSON, JUSTICE WILLETT, and JUSTICE LEHRMANN, dissenting in part.

Chapter 271 of the Texas Local Government Code waives a local governmental entity's immunity against suits for breach of written contracts for goods and services, but it does so only to allow contractors to recover "*the balance due and owed* by the local governmental entity *under the contract*." TEX. LOCAL GOV'T CODE § 271.153(a)(1) (emphases added). The Court holds that this waiver allows Zachry Construction Corporation to recover common law delay damages that are not part of "the balance due and owed . . . under the contract" it entered into with the Port Authority of Houston. In fact, in this contract, Zachry expressly agreed that the Port Authority would *never* owe damages for costs that Zachry incurred due to any delay or hindrance. The Court invalidates this no-damages-for-delay clause for public policy reasons. But even after striking that clause, the contract does not provide for or in any way contemplate that the Port Authority would pay for Zachry's delay costs. Because delay costs are not part of "the balance due and owed by [the Port Authority] under [this] contract," I would hold that Chapter 271 does not waive the Port

Authority's immunity against Zachry's claim for delay damages, and I would dismiss that claim for lack of jurisdiction. Because governmental immunity bars Zachry's claim for delay damages, I would not reach the issue of whether the no-damages-for-delay clause is void for public policy reasons. I therefore respectfully dissent in part.[1]

## I.
## Governmental Immunity Against Contract Actions

As a local governmental entity, the Port Authority "enjoy[s] governmental immunity from suit, unless immunity is expressly waived." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 836 (Tex. 2010). Governmental immunity includes both immunity from liability, "which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). A governmental entity that enters into a contract "necessarily waives immunity from liability, voluntarily binding itself like any other party to the terms of agreement, but it does not waive immunity from suit." *Id*. Unlike immunity from liability, immunity from suit deprives the courts of jurisdiction and thus completely bars the plaintiff's claim. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003).

---

[1] For the reasons the Court explains, I agree with its holding in Part II(A) that section 271.153's limitation on recoverable damages is jurisdictional because chapter 271 "does not waive immunity from suit on a claim for damages not recoverable under Section 271.153." *Ante* at __. I would not reach the public policy issue in Part III of the Court's opinion. In Part IV of its opinion, the Court holds that Zachry can recover on its separate claim for $2.36 million that the Port Authority withheld as liquidated damages, less a $970,000 offset for damages resulting from Zachry's use of defective wharf fenders. *Ante* at __. I agree with this portion of the Court's opinion, for the reasons the Court has explained. The funds that the Port Authority withheld as liquidated damages were part of the monthly progress payments that the Port Authority agreed to make for Zachry's services and were part of "the balance due and owed . . . under the contract." Section 271.153 thus waives the Port Authority's immunity against Zachry's claim to recover those funds, and the courts have jurisdiction to resolve that claim. The mere fact that the Port Authority denies *liability* on the claim does not negate the statute's waiver of *immunity* from suit for damages that are provided for or clearly contemplated under the contract. *See* TEX. LOCAL GOV'T CODE §§ 271.152–.153.

2

While most damages awards justly impose the financial consequences of a party's wrongdoing on the wrongdoer, a damages award against a governmental entity imposes the financial consequences on innocent third parties: taxpayers. Thus, although "[t]he doctrine of governmental immunity arose hundreds of years ago from the idea that 'the king can do no wrong,' . . . it remains a fundamental principle of Texas law, intended 'to shield the public from the costs and consequences of improvident actions of their governments.'" *Lubbock Cnty. Water Control & Improvement Dist. v. Church & Akin, L.L.C.*, ____ S.W.3d ___, ___ (Tex. 2014) (quoting *Tooke*, 197 S.W.3d at 331–32). In some circumstances, however, justice may demand that the government compensate innocent injured parties even though innocent taxpayers must pay the bill. The challenge is in deciding which circumstances justify a waiver of immunity to allow for such compensation.

Because this decision "requires balancing numerous policy considerations, we have consistently deferred to the Legislature, as the public's elected representative body, to decide whether and when to waive the government's immunity." *Lubbock Cnty*., ___ S.W.3d at ___. The Legislature may waive the government's immunity, and thereby "consent to suit[,] by statute or by legislative resolution." *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). The Legislature has declared that we cannot construe a statute to waive immunity "unless the waiver is effected by clear and unambiguous language." TEX. GOV'T CODE § 311.034; *see also Tooke*, 197 S.W.3d at 328–29 (agreeing that statutory waiver of immunity must be "by clear and unambiguous language"). If a statute seeks to waive immunity, it "must do so beyond doubt." *Wichita Falls State Hosp*., 106 S.W.3d at 697.

For the first 154 years of Texas' existence, parties who contracted with the government could not recover for the government's breach unless they first convinced the Legislature to pass

a special resolution waiving immunity for their specific claim. *See Fed. Sign*, 951 S.W.2d at 408 (reaffirming previous holdings that "the State is immune from suit arising from breach of contract suits"); TEX. CIV. PRAC. & REM. CODE §§ 107.001–.005 (governing resolutions granting permission to sue the State). Not surprisingly, this often made it difficult for governmental entities to find qualified contractors who were willing to provide goods and services. In 1999, the Legislature enacted Chapter 2260 of the Texas Government Code, providing an administrative procedure through which parties to certain contracts with a State agency or department could recover damages for the agency's breach. *See* TEX. GOV'T CODE §§ 2260.001–.108. Chapter 2260 did not waive the State's immunity, *id.* § 2260.006, but instead provided an alternative administrative process through which the contractor could seek relief. *See id.* The statute provides this option only for parties to certain kinds of contracts, and it limits the administrative award to $250,000 unless the Legislature separately authorizes a higher award in a specific case. *See id.* § 2260.105.[2]

Although Chapter 2260 provides a limited avenue of relief for those who contract with State agencies and departments,[3] it provides no remedy at all for those who contract with a local governmental entity. The Legislature first addressed local governmental entities in 2003, when it enacted a limited waiver of immunity for certain breach of contract suits against Texas counties. *See* TEX. LOCAL GOV'T CODE § 262.007. Then, in 2005, the Legislature enacted the provisions of

---

[2] Under chapter 2260, an administrative law judge can only award up to $250,000 for a valid breach of contract claim. *See* TEX. GOV'T CODE § 2260.105. Valid claims above $250,000 are referred to the Legislature to decide, in light of appropriate policy considerations, whether to authorize additional funds for payment of the claim. *See id.* § 2260.1055; *Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 596 (Tex. 2001).

[3] *See* TEX. GOV'T CODE § 2260.001(4) (defining "unit of state government").

4

Chapter 271 that are at issue in this case, providing the same limited waiver for certain breach of contract suits against all other types of local governmental entities. *See id.* §§ 271.151–.160. Most recently, in 2013, the Legislature enacted Chapter 114 of the Texas Civil Practice & Remedies Code, providing the same limited waiver of immunity from suits for certain contract claims against State agencies. *See* TEX. CIV. PRAC. & REM. CODE §§ 114.001–.013.

As it had done in Chapter 2260, the Legislature strictly limited the immunity waivers in Chapters 262, 271, and 114, not only in terms of the types of *contracts* under which a party can sue, but also in terms of the types and amounts of *damages* the party can recover. *See* TEX. LOCAL GOV'T CODE §§ 262.007(b), (c), 271.153; TEX. CIV. PRAC. & REM. CODE § 114.004. Thus, the Legislature has only recently acted to waive immunity for contract claims, and each time it has done so, it has strictly limited the scope of that waiver. Respectful of the Legislature's prerogative to decide whether, when, and how to waive the State's immunity, and mindful of our obligation to find waivers only in "clear and unambiguous language" that leaves "no doubt," we must carefully and strictly construe and apply these statutory limitations. I dissent in this case because the Court's holding that Zachry's delay damages are recoverable under section 271.153 ignores the statute's limitations.

**II.**
**Section 271.153**

Section 271.153 is entitled "*LIMITATIONS* ON ADJUDICATION AWARDS." *Id.* § 271.153 (emphasis added).[4] Consistent with its title, subsection (a) of section 271.153 identifies three exclusive categories of damages that a contractor *can* recover in a breach of contract suit against a local governmental entity, and subsection (b) lists three categories of damages that contractors *cannot* recover. *See* TEX. LOCAL GOV'T CODE § 271.153(a), (b). Specifically, contractors *can* recover:

(1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

(2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract; and

(3) interest as allowed by law.

*Id.* § 271.153(a) (stating that "total amount of money" recoverable "is limited to" these three categories of damages). Conversely, contractors *cannot* recover:

(1) consequential damages, except as expressly allowed under Subsection (a)(1);

---

[4] All references and citations to section 271.153 in this opinion are to the version of the statute applicable to this suit, as it existed before amendments in 2009, 2011, and 2013. *See* Act of May 20, 2005, 79th Leg., R.S., ch. 604, § 1, 2005 Tex. Gen. Law 1548, 1548–49 (codified at TEX. LOCAL GOV'T CODE § 271.153(a)(1), (2) & (4)). The 2009 amendments added a fourth category of amounts that could be included in the "total amount of money awarded" under subsection (a): "reasonable and necessary attorney's fees that are equitable and just." Act of May 21, 2009, 81st Leg., R.S., ch. 1266, § 8, 2009 Tex. Gen. Law 4006, 4007 (codified at TEX. LOCAL GOV'T CODE § 271.153(a)(3)). The 2011 amendments added the phrase "including interest as calculated under Chapter 2251, Government Code" after "interest as allowed by law." Act of May 17, 2011, 82nd Leg., R.S., ch. 226, § 1, 2011 Tex. Gen. Law 809, 809 (codified at TEX. LOCAL GOV'T CODE § 271.153(a)(4)). And the 2013 amendments created an exception to this limitation on damages, permitting recovery of "[a]ctual damages, specific performance, or injunctive relief" in certain contracts involving the sale or delivery of reclaimed water. Act of May 22, 2013, 83rd Leg., R.S., ch. 1138, § 3, 2013 Tex. Gen. Law ___, ___ (codified at TEX. LOCAL GOV'T CODE § 271.153(c)). None of these amendments relate to or affect the issue in this case.

(2) exemplary damages; or

(3) damages for unabsorbed home office overhead.

*Id.* § 271.153(b).

The Court holds that subsection (a)(1) authorizes Zachry to recover its delay damages. While I agree that delay damages *can* be part of "the balance due and owed by [a] local governmental entity under [*some*] contract[s]," I do not agree that they are part of "the balance due and owed by [the Port Authority] under [*this*] contract." To the contrary, this contract expressly provided that the Port Authority would have no liability for any delay damages. And while I agree that "the balance due and owed . . . under the contract" can include "compensation for . . . owner-caused delays," compensation for owner-caused delays are not part of the balance due and owed under *this* contract, which stated that the contractor "shall receive no financial compensation for delay or hindrance to the Work . . . EVEN IF SUCH DELAY OR HINDRANCE RESULTS FROM, ARISES OUT OF OR IS DUE, IN WHOLE OR IN PART, TO THE NEGLIGENCE, BREACH OF THE CONTRACT OR OTHER FAULT OF THE PORT AUTHORITY."

## A. The Balance Due and Owed Under the Contract

Chapter 271 does not define or describe what constitutes "the balance due and owed . . . under the contract." When a statute does not give words a specific definition or technical meaning, we use their common, ordinary meaning. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). Typically, we look to dictionaries to determine the common meaning of words.[5] *See*

---

[5] *See, e.g.*, *Morton v. Nguyen*, 412 S.W.3d 506, 512 (Tex. 2013); *State v. $1,760.00 in U.S. Currency*, 406 S.W.3d 177, 181 (Tex. 2013); *City of Hous. v. Bates*, 406 S.W.3d 539, 547 (Tex. 2013); *In re Nalle Plastics Family*

*Epps v. Fowler*, 351 S.W.3d 862, 873 (Tex. 2011) (Hecht, J., dissenting) ("The place to look for the ordinary meaning of words is . . . a dictionary."). When a word has multiple common meanings, we give it the meaning most consistent with the statutory context in which it is used. *State v. $1,760.00 in U.S. Currency*, 406 S.W.3d 177, 180–81 (Tex. 2013); *see also* TEX. GOV'T CODE § 311.011(a).

In the context of payment obligations, the term "balance" means "the difference between the debits and credits of (an account)." BLACK'S LAW DICTIONARY 170 (10th Ed.). The term "due" means (1) "payable; owing; constituting a debt," when used in relation to a "fact of indebtedness," or (2) "immediately enforceable," when used in relation to "the time of payment." Bryan A. Garner, A DICTIONARY OF MODERN LEGAL USAGE, 298–99 (2nd ed.); *see also* BLACK'S LAW DICTIONARY 609 (10th Ed.). The Dictionary of Modern Legal Usage notes that the second definition, "immediately enforceable," is "almost invariably the applicable one" today. DICTIONARY OF MODERN LEGAL USAGE at 299. And the term "owing" means "[t]hat is yet to be paid; owed; due." BLACK'S LAW DICTIONARY 1279 (10th Ed.); *see also* DICTIONARY OF MODERN LEGAL USAGE at 633  (noting that "owed" is the preferred modern usage, over "owing"). The difference between the terms "due" and "owed" is reflected in the fact that something can be owed but not yet due because the date for payment or the contingency on which payment is conditioned has not yet come to pass. *See* DICTIONARY OF MODERN LEGAL USAGE at 299. A "balance" that is both "due" and "owed" is thus an amount by which an account's debits exceed its credits that is yet to be paid and immediately enforceable. Stated another way, a balance due and owed is a

---

*Ltd. P'ship*, 406 S.W.3d 168, 171–72 (Tex. 2013); *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 656 (Tex. 2012); *Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 747 (Tex. 2012).

mature debt. This understanding of the phrase is consistent with both the statutory context, which relates to recoverable monetary obligations under a contract, and with our prior use of the phrase "due and owed" or "due and owing," both in our construction of this statute and more generally.[6]

Importantly, section 271.153 modifies the phrase "the balance due and owed" with the prepositional phrase "under the contract." TEX. LOCAL GOV'T CODE § 271.153(a)(1). Under the "rules of grammar," *see* TEX. GOV'T CODE § 311.011, a preposition (here, "under") imposes a relationship between its object (here, "the contract") and its antecedent (here, "the balance due and owed"). *See, e.g.*, THE CHICAGO MANUAL OF STYLE § 5.173, at 248 (16th ed.); Bryan A. Garner, THE REDBOOK: A MANUAL ON LEGAL STYLE, 176 (2nd ed.). As a result, section 271.153(a)(1) does not allow recovery of *all* amounts that may be "due and owed by the local governmental entity," but instead limits the recovery to a due-and-owed balance that arises "under" the written contract for goods and services to which the statute applies. *See* TEX. LOCAL GOV'T CODE §§ 271.151(2)(A), 271.153(a)(1). Thus, under section 271.153(a)(1), the amount recoverable "is limited to" the amount of all mature debts owed under a qualified contract, less any credits due.

---

[6] *See, e.g.*, *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 840 (Tex. 2010) ("The existence of a balance 'due and owed' is thus incorporated within the contract—a balance that would come due when voters approve payment in a bond election."); *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 922 (Tex. 2010) ("After rigorous analysis, the trial court found that the alleged misrepresentation on each bill—an amount due and owing for a municipal charge—'is uniform to all members of the class . . . .'"); *Bailey v. Cherokee Cnty. Appraisal Dist.*, 862 S.W.2d 581, 587 (Tex. 1993) ("There is little question that debts, including ad valorem taxes, that are due and owing by an individual during his lifetime are liabilities of that individual.") (emphasis omitted); *Summers v. Consol. Capital Special Trust*, 783 S.W.2d 580, 581 (Tex. 1989) ("On October 1, 1983, the Sill note became due and owing."); *Sherman v. First Nat. Bank in Ctr., Tex.*, 760 S.W.2d 240, 241 (Tex. 1988) ("In December of 1981, Sherman received a letter from the Bank demanding the payment of several notes, including the $75,000 real estate note which was not due and owing at that time."); *Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 641 (Tex. 1987) ("The developer, or the association, is a general creditor who . . . must stand in line along with [other creditors] for payment of sums due and owing.").

The Court, by contrast, concludes that "[a] 'balance due and owed . . . under the contract' is simply the amount of damages for breach of contract payable and unpaid." *Ante* at ___. I do not agree that a "balance due and owed . . . under a contract" includes all common law damages regardless of whether they are contemplated in the parties' contract. When a payment is not provided for under the contract, but instead arises under the common law, that payment may later be due and owed *under the court's judgment*, but it is not part of "the balance due and owed . . . under the contract." *See* TEX. LOCAL GOV'T CODE § 271.153(a)(1) (emphasis added).

The Court's construction of the statute is contrary to the statute's language and its structure. First, the Court's construction separates the phrase "balance due and owed" from the phrase "under the contract," and then alternatively reads each of them out of the statute. On the one hand, the Court equates the phrase "the balance due and owed" with the phrase "damages . . . payable and unpaid," *ante* at ___, and by doing so ignores the statute's actual words. On the other hand, the Court treats the phrase "under the contract" as if it said "under a court's judgment," but does so only by relying on court opinions that address *damages* under a contract, not a "balance due and owed . . . under a contract." *Ante* at ___ n. 62, 64. We must read the two phrases together, just as they appear in the statute, and the Court's alternatives for each simply are not equivalents. By equating "the balance due and owed . . . under the contract" with "the amount of damages for breach of contract payable and unpaid," the Court shifts the focus from the mature debt that exists "under the contract" when suit is filed to prospective liability that a Court may impose in a breach of contract action.

Second, by holding that "a 'balance due and owed . . . under the contract' is simply the amount of damages for breach of contract payable and unpaid," the Court renders subsection (a)(1) a tautology. Under the Court's construction, the amount of damages that is recoverable for a breach

10

of contract is "limit[ed]" to the amount of damages that is recoverable for a breach of contract. Under that construction, the amount of damages is not "limit[ed]" at all.[7]

Third, the Court's construction of subsection (a)(1) renders subsection (a)(2) superfluous. Subsection (a)(2) expressly authorizes the recovery of "the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract." TEX. LOCAL GOV'T CODE § 271.153(a)(2). If, as the Court holds, subsection (a)(1) authorizes the recovery of all common law damages recoverable for breach of the contract, then subsection (a)(1) already authorizes recovery of amounts owed for change orders and additional work, and subsection (a)(2) adds nothing to the mix.[8] But if, as I contend, subsection (a)(1) only authorizes recovery of the amounts actually provided for or contemplated within the contract (that is, "the balance due and owed . . . under the contract"), then subsection (a)(2) adds

_____

[7] In response, the Court contends that the statute does "limit[] recovery" because "damages are but one item in a list that includes attorney's fees and interest, even if not provided for in the contract." *Ante* at ___ n.66. But section 271.153(a) places "*LIMITATIONS* ON ADJUDICATION AWARDS" by authorizing courts to award only amounts that fall within the expressly enumerated categories, which under the current version of the statute include:

- certain types of *damages*: "the balance due and owed . . . under the contract" under section 271.153(a)(1) and "the amount owed for change orders or additional work" under (a)(2);

- certain types of *attorney's fees*: "reasonable and necessary attorney's fees that are equitable and just" under (a)(3); and

- all *interest* allowed by law under (a)(4).

*See* TEX. LOCAL GOV'T CODE § 271.153. The Court's reading of section (a)(1) does not alter the scope of recoverable attorney's fees or interest, it simply expands the scope of authorized damages to include *all* recoverable damages. Therefore, it does not limit recoverable damages at all.

[8] The Court responds that its construction does not render subsection (a)(2) superfluous because subsection (a)(2) "clarifies that change orders can be the basis for recovery, even if it were argued that they were not 'under the contract.'" *Ante* at ___ n.66. But this is exactly the point: under the Court's construction, there is no need for such clarification because *everything* that the law permits to be a basis for recovery in a breach of contract action (the *only* claim that can be brought under the statute) can be the basis for recovery under the 271.153(a), regardless of whether it is "under the contract."

11

to that any amounts owed for change orders and additional work that were not originally provided for or contemplated in the parties' contract.

Finally, under the Court's construction of subsection (a)(1), the exception to the exclusion of consequential damages in subsection (b)(1) would completely swallow the rule. Subsection (b)(1) provides that recoverable damages may not include "consequential damages, except as expressly allowed under Subsection (a)(1)." *Id.* § 271.153(b)(1). As the Court notes, "[d]elay damages are consequential damages." *Ante* at ___ n.71. If subsection (a)(1) authorizes the recovery of all common law damages for breach of contract, then consequential damages, which are recoverable for a breach of contract, are "expressly allowed under Subsection (a)(1)." And in that case, subsection (b)(1) would not exclude *any* consequential damages. *See* TEX. LOCAL GOV'T CODE § 271.153(a)(1), (b). In short, under the Court's construction, subsection (a), which says recoverable amounts are "limited" to those specified in subsections (a)(1) through (a)(4), does not in fact "limit" anything; and subsection (b), which says recoverable amounts "may not include" those listed in subsection (b)(1), does not in fact exclude anything.

In addition to the language of the statute, the Court's holding contradicts our precedent on this very point. We have addressed section 271.153(a)(1) in three prior decisions, and in each of them we have held, or at least indicated, that a "balance" is "due and owed . . . under the contract" only if it is "stipulated," "provided for," or at least "contemplated" within the parties' written agreement. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 413 (Tex. 2011) ("The kind of damages sought by Sharyland were not those provided for or contemplated in the Water Supply Agreement and are not a 'balance due and owed' under that contract."); *Kirby Lake*, 320 S.W.3d at 840 (holding that the damages sought were part of the balance due and owed under the contract because "the Agreements do stipulate the amount of reimbursement owed upon

approval of bond funds"); *Tooke*, 197 S.W.3d at 346 (holding that lost profits from additional work "are consequential damages excluded from recovery under the statute").

In *Tooke*, the Court held that the claimants could not recover after the City of Mexia prematurely terminated their service contract because they "claim[ed] only lost profits on additional work they should have been given," which "are consequential damages excluded from recovery under the statute." 197 S.W.3d at 346; *see* TEX. LOCAL GOV'T CODE § 271.153(b)(1). If, as the Court holds today, "a 'balance due and owed . . . under the contract' is simply the amount of damages for breach of contract payable and unpaid," *ante* at __, the Tookes should have been able to recover lost profits under section 271.153(a)(1), and they should not have been excluded as consequential damages under subsection (b)(1) because they fall within the exception for consequential damages expressly authorized under subsection (a)(1). In short, the lost profits in *Tooke* were consequential damages not authorized under the parties contract, just as the Court recognizes Zachry's delay damages to be. Yet we held that the Tookes' lost profits were not recoverable even though they, like Zachry's delay damages, were "damages . . . payable and unpaid" and recoverable under the common law for breach of contract.

Similarly, in *Sharyland*, the contractor, the Sharyland Water Supply Corporation, sought to recover its "increased cost to perform" its contractual duty to repair and maintain a water system, which allegedly resulted from the City of Alton's breach of its own contractual duties. 354 S.W.3d at 413. We held that section 271.153(a)(1) did not authorize Sharyland to recover its increased repair and maintenance costs because "[t]he kind of damages sought by Sharyland were not those

13

provided for or contemplated in the Water Supply Agreement and are not a 'balance due and owed' under that contract." *Id.*[9]

In *Kirby Lake*, by contrast, we held that the damages the claimant sought were recoverable as "the balance due and owed . . . under the contract" because "the Agreements *do stipulate the amount of reimbursement owed* upon approval of bond funds." 320 S.W.3d at 840 (emphasis added). Consistent with the language of the statute and our precedent, I would hold that section 271.153 does not authorize Zachry to recover its delay damages because those damages are not provided for or contemplated in the parties' agreement, which instead expressly bars recovery of delay costs, and thus are not part of "the balance due and owed by the [Port Authority] under the contract." *See* TEX. LOCAL GOV'T CODE § 271.153(a)(1).

---

[9] The Court notes that, in the next sentence in *Sharyland*, the Court stated: "Nor were these costs the 'direct result of owner-caused delays or acceleration . . . .'" *Ante* at ___ n.69 (quoting *Sharyland*, 354 S.W.3d at 413). The Court asserts that, by this sentence, we treated the "including" clause at the end of subsection 271.153(a)(1) "as stating independently that delay damages are recoverable," and "we suggested that if [the damages sought had been for owner-caused delays], they would have been recoverable even if neither 'due and owed under' nor 'provided for or contemplated in' the contract." *Id*. The Court reads far too much into this language. What we actually said in *Sharyland* was:

> The kind of damages sought by Sharyland were not those provided for or contemplated in the Water Supply Agreement and are not a "balance due and owed" under that contract. Nor are these costs the "direct result of owner-caused delays or acceleration," or the "amount owed for change orders or additional work the contractor [was] directed to perform by [the] local governmental entity in connection with the contract."

*Sharyland*, 354 S.W.3d at 413. We thus addressed *all* provisions of subsections (a)(1) and (a)(2), demonstrating that there was no *possible* basis on which any of them could have authorized the recovery of the repair and maintenance costs that Sharyland sought. *See id.* Sharyland did not argue that its damages were independently recoverable as "owner-caused delay damages," and we did not address the issue for which the Court now cites this language. *See id.* Instead, we simply explained that the damages Sharyland sought did not fit within *any* of the descriptions in subsection (a)(1) or (a)(2). *See id.* And, consistent with *Tooke* and *Kirby Lake*, we equated "the balance due and owed . . . under the contract" with the amounts "provided for or contemplated" in the parties' agreement. *See id.* I address the issue of whether the "including" clause at the end of subsection (a)(1) authorizes delay damages that are not "due and owed . . . under the contract" in the next section.

14

**B.      "Including Any Amount Owed as Compensation for the Increased Cost to Perform . . ."**

Relying on the language at the end of section 271.153(a)(1), the Court asserts that "Section 272.153(a)(1) does not require the 'balance due and owed . . . under the contract' to be ascertainable from the contract because, for one thing, this Section expressly includes 'any amount owed as compensation . . . for owner-caused delays,' an amount which cannot be determined in advance, when the contract is executed." *Ante* at __. To the extent the Court is arguing that the statute authorizes recovery of amounts that are not *quantified* in the contract or ascertainable at the time of contracting, I agree. Amounts need not be quantified in the contract or ascertainable at the time of contracting to be "due and owed . . . under the contract." Delay costs, in particular, cannot be quantified at the time of contracting because the parties cannot predict the length of the delay or how the delay will impact the contractor's work. But parties can, and sometimes do, agree that the owner will compensate the contractor for owner-caused delays, and when they do, the delay costs are recoverable under the statute. Here, however, the parties did not agree that the Port Authority would compensate Zachry for owner-caused delays; instead, they expressly agreed that Zachry would receive "no financial compensation for delay or hindrance to the Work. . . EVEN IF SUCH DELAY OR HINDRANCE" was owner-caused.

The Court misconstrues the language at the end subsection (a)(1) to independently authorize recovery of "any amount owed as compensation . . . for owner-caused delays," even if that amount is not part of "the balance due and owed . . . under the contract." *Ante* at ___. In doing so, the Court overlooks the key word that connects these two phrases: "including." The word "including" in this subsection does not expand the meaning of the words that come before it ("the balance due and owed"); rather, it limits the meaning of the words that come after it ("any [owner-

15

caused delay damages]") to "include" only those owner-caused delay damages that are in fact "due and owed." *See* BLACK'S LAW DICTIONARY at 766 (defining "include" to mean "contain as part of something"). The Court thus reads subsection (a)(1) as authorizing recovery of the balance due and owed . . . under the contract *and* (or *plus*) any delay damages, when in fact the statute authorizes recovery of "the balance due and owed . . . under the contract . . . , *including any amount owed*" as damages for owner-caused delays. TEX. LOCAL GOV'T CODE § 271.153(a)(1) (emphasis added).

For example, if a franchise agreement authorized a franchisee to operate "in any Texas city, including Athens," the agreement would permit operations in Athens, Texas, but not in Athens, Greece, or Athens, Georgia. The word "including" is not a synonym for the word "and." It does not expand the meaning of "any Texas city" to include Athens, Greece, or Athens, Georgia, merely because those cities are also named "Athens." Instead, it limits the scope of the reference to "Athens" to the "Texas city" by that name.[10] In the same way, the word "including" in subsection 271.153(a)(1) does not mean "and." It does not expand the meaning of "the balance due and owed . . . under the contract" to include "owner-caused delay damages" that are not due and owed under the contract. Instead, it limits the scope of the reference to "owner-caused delay damages" to those "owner-caused delay damages" that are part of "the balance due and owed . . . under the contract."

---

[10] Or, to use the Court's "more apt example," *see ante* at ___ n.65, the phrase "a city, including any named Athens," includes any city named Athens, which (as the Court notes) is "a longer list," but it still only "includes" *cities* named Athens. It would not include a corporation, or person, or pet named "Athens," because the word "including" limits the second word "Athens" to those that fit within the first word "city." In the same way, the word "including" in section 271.153(a)(1) limits the second phrase "delay damages" to those that fit within the first phrase "balance due and owed . . . under the contract." Any delay damages that are not part of the balance due and owed under the contract are not "included" in the statute's waiver.

The language the Legislature used in its most recent statutory waiver of immunity for breach of contract suits further confirms this point. *See* TEX. CIV. PRAC. & REM. CODE § 114.004. In this statute, through which the Legislature waived immunity for certain contract claims against state agencies just last year, the Legislature used the same language it used in section 271.153, but added a final clause to further clarify that the amount recoverable "is limited to":

> the balance due and owed by the state agency under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration *if the contract expressly provides for that compensation* . . . .

*Id.* § 114.004(a)(1) (emphasis added). While the Court contends that the inclusion of the emphasized language gives this statute a meaning that is different than the meaning of section 271.153(a)(1), which does not include the emphasized language, that contention is unsupportable within this context. The language of sections 114.004 and 271.153 (and, for that matter, 262.007) are in all material respects the same, demonstrating that the Legislature intended to follow a uniform approach in strictly limiting the scope of these statutory waivers of immunity. More importantly, by using the same "including" language that appears in section 271.153, section 114.004 confirms that both statutes only permit recovery of owner-caused delay damages that are "included" within "the balance due and owed . . . under the contract." If anything, section 114.004(a)(1) narrows the scope of recoverable damages by requiring that the contract "*expressly* provide[] for" the payment of such compensation.

Parties to construction contracts often allocate unquantified costs between themselves, just as Zachry and the Port Authority did with delay costs. Zachry and the Port Authority allocated all of Zachry's delay-related expenses and losses to Zachry, even if the Port Authority was at fault for the delay. But parties to construction contracts sometimes choose a different allocation, obligating

17

an owner to reimburse the contractor for some or all owner-caused delay costs. *See, e.g.*, *MasTec N. Am., Inc. v. El Paso Field Servs., L.P.*, 317 S.W.3d 431, 452 (Tex. App.—Houston [1st Dist.] 2010) (involving construction contract in which owner agreed to compensate contractor for certain owner-caused delays) *rev'd,* 389 S.W.3d 802 (Tex. 2012) (holding that contract allocated all risk of unknown obstructions in construction path to contractor); *Shintech Inc. v. Group Constructors, Inc.*, 688 S.W.2d 144, 148 (Tex. App.—Houston [14th Dist.] 1985, no writ) (involving contract that allocated to the owner's account undue expenses incurred by the contractor as a result of owner-caused delays). If this contract had included such a clause, I would agree that whatever portion of the delay costs the Port Authority had agreed to pay would constitute a balance due and owed by the Port Authority under the contract, and would thus be recoverable under section 271.153(a)(1). But since the Port Authority did not agree to pay any of Zachry's delay damages, and the contract does not provide for or contemplate the Port Authority's payment of such damages, those damages are not part of "the balance due and owed . . . under the contract" and thus are not recoverable under section 271.153.

### III.
### Conclusion

I agree with the Court that Zachry's claim to recover installment payments that the Port Authority withheld as liquidated damages are recoverable under section 271.153 and that Zachry did not unambiguously release that claim, but I would hold that section 271.153 does not waive the Port Authority's immunity against Zachry's claim for delay damages. Based on the language and our prior constructions of the statute, I would hold that section 271.153 permits an award of delay damages only if those damages are provided for or contemplated in the agreement and are thus part of "the balance due and owed . . . under the contract." Because this contract did not

provide for or contemplate the Port Authority's payment of Zachry's delay damages, I would hold that Zachry's delay damages are not part of "the balance due and owed . . . under the contract"; section 271.153 therefore does not authorize an award of those damages in this case; and thus section 271.152 does not waive the Port Authority's immunity against Zachry's suit for such damages.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: August 29, 2014